# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| ERIZ ZITZOW and | * |
| TINA ZITZOW | * |
| | * |
|     Plaintiffs | * |
| | * |
| v. | *    No. |
| | * |
| AUTO-OWNERS INSURANCE | * |
| COMPANY and RIMKUS | * |
| CONSULTING GROUP, INC. | * |
| | * |
|     Defendants | * |

## NOTICE OF REMOVAL

Defendant Auto-Owners Insurance Company ("Defendant AO"), by and through counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice that it is removing this civil action from the Chancery Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee at Chattanooga.

    1.    On December 10, 2020, the Plaintiffs, Eric Zitzow and Tina Zitzow, commenced this civil action against the Defendants in the Chancery Court of Hamilton County, Tennessee, Docket No. 20-0824. The Complaint and Summons have not yet been served on the Defendant AO, but the Defendant AO is waiving service of process in this matter and is timely removing this action to the United States District Court for the Eastern District of Tennessee at Chattanooga. Attached hereto as **Exhibit A** is a copy of the Complaint and Summons filed in state court which represents the entire contents of the state court file.

    2.    Upon information and belief, the Plaintiffs are citizens and residents of Hamilton County, Tennessee.

1

3. The Defendant AO is a corporation organized and existing under the laws of Michigan with its principal place of business in the state of Michigan.

4. The Defendant AO has also consulted with and received the consent of Defendant Rimkus Consulting Group, Inc. ("Defendant Rimkus") for removal of this matter to federal court based on diversity of citizenship. Defendant Rimkus is a foreign corporation with a principal place of business in Houston, Texas. Counsel for Defendant Rimkus is in the process of retaining local counsel. Counsel for Defendant Rimkus has advised that its client is not opposed to removal of this matter to federal court and that it is a corporation based in Texas.

5. The Plaintiffs' Complaint alleges that the Defendant AO failed to make applicable payments under his Insurance Policy, Policy No. 47-826-970-00, following fire damage to his Property located at 733 Germantown Circle, Chattanooga, TN 37412 ("Property").

6. The Complaint seeks repairs to the property for $74,987.00. Plaintiffs also seek damages for bad faith, punitive damages and attorney's fees in excess of $75,000.00.

7. The Plaintiffs now seek damages against the Defendant AO for breach of contract and bad faith pursuant to Tenn. Code Ann. § 56-7-105.[1]

8. Based on the Plaintiffs' estimate for repairs in the amount of $74,987.00, plus the Plaintiffs' claims for breach of contract and bad faith, attorney's fees, and the Plaintiffs' allegation that the Defendant AO "declined or refused to provide full payment," it is more likely than not that the

---

[1] Pursuant to Tenn. Code Ann. § 56-7-105(a):

The insurance companies of this state, and foreign insurance companies and other persons or corporations doing an insurance or fidelity bonding business in this state, in all cases when a loss occurs and they refuse to pay the loss within sixty (60) days after a demand has been made by the holder of the policy or fidelity bond on which the loss occurred, **shall be liable to pay the holder of the policy** or fidelity bond, **in addition to the loss and interest on the bond, a sum not exceeding twenty-five percent (25%) on the liability for the loss**…

Tenn. Code Ann. § 56-7-105(a) (emphasis supplied).

amount in controversy exceeds $75,000.00 in this matter.² *See Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007) (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)) ("A disclaimer in a complaint regarding the amount of recoverable damages does not preclude a defendant from removing the matter to federal court upon a demonstration that damages are 'more likely than not' to 'meet the amount in controversy requirement.'").

9. This Court has jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. § 1332 (diversity). The requisite diversity of citizenship exists, as provided for in 28 U.S.C. § 1332, because there is complete diversity between the Plaintiffs and the Defendants, and the jurisdictional amount in controversy is more likely than not going to exceed $75,000.00.

10. This Notice of Removal is being filed within 30 days of the date on which the Defendant AO had notice of this suit.

11. Pursuant to 28 U.S.C. § 1446(d), the Defendant will promptly give notice of this removal to the clerk of the Hamilton County Chancery Court and to counsel for the Plaintiff, effecting removal pursuant to 28 U.S.C. § 1446(b). A copy of the state court notice is attached as **Exhibit B**.

12. By removing this action, the Defendant AO does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

**WHEREFORE**, the Defendant AO requests that further proceedings of the Hamilton County Chancery Court be discontinued and that this action be removed in its entirety to the United States District Court for the Eastern District of Tennessee at Chattanooga.

Respectfully submitted, this the 5th day of January 2021.

---

² The Policy provides the following coverage: Coverage A – Dwelling – $852,000; Coverage A – Dwelling Extension – up to $85,200; Coverage B – Personal Property – $639,000; Coverage C – Loss of Use – Actual Loss Sustained. The Plaintiff's Complaint seeks "full payment" under the Policy.

**KAY|GRIFFIN, PLLC**

By: /s/Matthew J. Evans
    Matthew J. Evans    BPR#017973
    Paige A. Coleman    BPR#032690
    900 S. Gay Street, Suite 1810
    Knoxville, Tennessee 37902
    (865) 314-8422

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of January 2021 the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

Mark W. Litchford, Esq.
J. Michael Holloway, Esq.
Litchford, Pearce & Associates, PLLC
Post Office Box 8127
Chattanooga, TN 37414

/s/ Matthew J. Evans
Matthew J. Evans

4