IN THE CHANCERY COURT OF HAMILTON COUNTY
STATE OF TENNESSEE

| | |
|---|---|
| ERIC ZITZOW & TINA ZITZOW, | |
| PLAINTIFFS, | CIVIL ACTION |
| v. | FILE NO. 20-0824 |
| AUTO OWNERS INSURANCE COMPANY & RIMKUS CONSULTING GROUP, INC., | |
| DEFENDANTS. | |

## COMPLAINT

**COMES NOW**, Eric Zitzow and Tina Zitzow ("Plaintiffs"), and file their Complaint against Auto Owners Insurance Company ("Defendant AO") and Rimkus Consulting Group, Inc. ("Defendant Rimkus"), and show this Honorable Court the following:

1.

Defendant AO is a foreign insurance company organized and existing under the laws of the State of Michigan, with its principal place of business located at 6101 Anacapri Boulevard, Lansing, Michigan 48917. Defendant AO may be served with this lawsuit as allowed by applicable law.

2.

Defendant Rimkus is a foreign corporation with a principal place of business located at 8 Greenway Plaza #500, Houston, Texas 77046. Defendant Rimkus may be served with this lawsuit in the State of Tennessee by service upon its registered agent, CT Corporation, located at 300 Montvue Road, Knoxville, TN 37919, or as otherwise allowed by applicable law.

3.

This Court has jurisdiction over this matter sounding in breach of contract, bad faith, and tort.



4.

Venue is proper in this Court in as much as Plaintiffs' residential property, which is the subject of this action, is located in Hamilton County, Defendant AO maintain an agent in Hamilton County, and Defendant Rimkus conducts business in Hamilton County.

5.

On or about November 18, 2019, Plaintiffs and Defendant AO entered into a Dwelling Fire Policy, Policy No. 47-826-970-00 (the "Policy") in which in exchange for payment of a premium by Plaintiffs, Defendant AO agreed to provide insurance coverage for Plaintiffs' rental property located at 4245 Newport Drive, Chattanooga, TN 37412 (the "Property"). A copy of the Policy Declarations are attached hereto as Exhibit "A".

6.

On or about April 12, 2020, a severe windstorm caused damage to the Property's roof, forced a retaining wall to collapse onto the Property, and rendered the Property uninhabitable (the "Claim").

7.

Shortly after the windstorm, Plaintiffs reported the Claim to Defendant AO, Defendant AO assigned Claim No. 300-109452-2020.

8.

After conducting an initial investigation, Defendant AO determined the windstorm caused damage to the Property's roof, and Defendant AO issued an undisputed payment for the replacement of the Property's roof in the amount of $6,528.82.

9.

However, rather than acknowledging coverage for the damage to the Property caused by the collapse of the retaining wall, which was much more extensive and costly than the damage to the Property's roof, Defendant AO engaged Defendant Rimkus to render an opinion as to the cause of the collapse of the retaining wall.

10.

Defendant Rimkus performed a site inspection of the Property, and thereafter issued a report in which it rendered an opinion, without any supporting evidence, that

2

hydrostatic pressure caused the collapse of the retaining wall, which according to Defendant AO would be a bar to coverage under the Policy.

11.

In an effort to substantiate its unfounded opinion, Defendant Rimkus attributed certain statements allegedly made by Plaintiffs, including "[Mr. Zitzow] believed that the wall failed due to water flowing over the top of the wall," that were never made by Plaintiffs and are just misrepresentations on behalf of Defendant Rimkus.

12.

By concluding hydrostatic pressure caused the collapse of the retaining wall, Defendant Rimkus, who performs thousands of inspections on behalf of Defendant AO, knew this opinion as to the cause of loss would be excluded under the Policy.

13.

Relying upon Defendant Rimkus' improper and unfounded opinion as to the cause of the collapse of the retaining wall, Defendant AO made the decision to deny coverage for the damage to the Property which was caused by the collapse of the retaining wall.

14.

Upon being informed of this coverage position, Plaintiffs engaged ICR Engineers, Inc., a local engineering firm, to render an unbiased opinion of the cause of the collapse of the retaining wall.

15.

After visiting Plaintiffs' home and conducting an investigation of the cause of the collapse, ICR Engineers, Inc. determined the cause of the collapse of the retaining wall was the force of storm winds and ground vibrations.

16.

Based on the terms and conditions of the Policy, if the cause of the collapse of the retaining wall and subsequent damage to the Property was the force of storm winds and ground vibrations, the damage to the Property should be afforded coverage under the Policy.

3

17.

Shortly after receiving the report of the findings of ICR Engineers, Inc., Plaintiffs, in June 2020, provided a copy of the report to Defendant AO, along with an estimate of damage and Proof of Loss, in which it requested compensation for the damage for the entire Claim in the amount of $74,987.50.

18.

Not having received any response from Defendant AO, Plaintiffs, through counsel, sent written correspondence to Defendant AO on September 11, 2020, in which demand was made for coverage of the entire Claim. A copy of the letter sent to Defendant AO by counsel is attached hereto as Exhibit "B".

19.

The September 11, 2020 written correspondence also informed Defendant AO that should it fail to acknowledge coverage of the entire Claim within sixty (60) days and to thereafter adjust the Claim in good faith, Plaintiffs would be left with no choice but to commence litigation, including pursuing causes of action for breach of contract and bad faith pursuant to Tenn. Code Ann. § 56-7-105.

20.

At the time of filing this Complaint, more than sixty (60) days have elapsed since the September 11, 2020 written correspondence, and Defendant AO has failed to acknowledge, otherwise disregarded, and/or demonstrated indifference towards coverage of the entire Claim and adjust the Claim in good faith.

21.

As a result of Defendant AO's failure to acknowledge coverage of the entire Claim, Plaintiffs have suffered damages in an amount to be proven at trial, including, but not limited to, the damage to the Property and lost rental income as a result of the Property being uninhabitable.

## COUNT I
## BREACH OF CONTRACT AGAINST DEFENDANT AO

22.

Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 21 above.

4

23.

The Policy constitutes a valid, binding contract on Plaintiffs and Defendant AO, and pursuant to the terms and conditions contained therein, the entire Claim is a covered loss under the Policy and by its terms has become due and payable and, therefore, should be paid in an appropriate manner.

24.

Plaintiffs has dutifully complied and otherwise fulfilled any and all obligations they have under the Policy.

25.

Defendant AO has breached the Policy by refusing to provide proper compensation for the entire Claim, and as a result thereof, Plaintiffs have been damaged in an amount to be proven at trial, with said amount being more than $75,000.00.

## COUNT II
## BAD FAITH PENALTIES PURSUANT TO TENN. CODE ANN. § 56-7-105 AGAINST DEFENDANT AO

26.

Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 25 above.

27.

On or about September 11, 2020, Plaintiffs made demand to Defendant AO for complete coverage of the Claim and for Defendant AO to thereafter adjust the entire Claim in good faith.

28.

More than sixty (60) days have elapsed since this demand was made and served upon Defendant AO, and Defendant AO has refused to acknowledge full coverage of the Claim.

29.

Defendant AO's refusal to acknowledge full coverage of the Claim has caused Plaintiffs damages and shall be considered bad faith pursuant to Tenn. Code Ann. § 56-7-105.

5

# COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST DEFENDANT RIMKUS

30.

Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 29 above.

31.

Defendant Rimkus has actively assisted Defendant AO to breach its contract with Plaintiffs by intentionally rendering a false and unfounded opinion that the cause of the collapse of the retaining wall was hydrostatic pressure.

32.

When rendering this opinion, Defendant Rimkus was aware that hydrostatic pressure would serve as an exclusion to coverage under the Policy.

33.

Defendant Rimkus' actions are improper, have been done with malice with the intent to injure, and have induced Defendant AO to breach its contract with Plaintiffs.

34.

Due to the improper actions of Defendant Rimkus, Plaintiffs have suffered financial harm in an amount to be proven at trial.

## COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT RIMKUS

35.

Plaintiffs hereby incorporate by reference the allegations set forth in paragraphs 1 through 28 above.

36.

By rendering an unfounded opinion with the intent of assisting Defendant AO in denying coverage for the damage caused by the collapse of the retaining wall, Defendant Rimkus' actions arise to willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

6

37.

As a result of Defendant Rimkus' conduct, Plaintiffs should be awarded punitive damages in an amount to be determined at trial.

### PRAYER

WHEREFORE, Plaintiffs respectfully demand judgment against Defendants as follows:

a. That process be issued and a copy of this Complaint, together with a summons, be served upon the named Defendants;

b. That each Defendant be required to answer this Complaint within the time required by law;

c. That the Court award Plaintiffs a judgment against Defendants, jointly and severally, in the full amount of the damages suffered by Plaintiff;

d. That the Court award Plaintiffs a judgment against Defendants, jointly and severally, for any and all additional damages and expenses incurred by Plaintiffs, including but not limited to punitive damages, attorneys' fees and all other damages permitted under applicable law; and

e. That the Court grant such other and further relief deemed just by this Court.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted, this 10th day of December, 2020

LITCHFORD, PEARCE & ASSOCIATES, PLLC

By: _____
Mark W. Litchford
BPR# 027881
J. Michael Holloway
BPR# 034861
Attorneys for Plaintiff
P.O. Box 8127
Chattanooga, TN 37414
423-529-5290-phone
800-874-0680-fax
mark@lpafirm.com
michael@lpafirm.com

7

# Auto-Owners

(MUTUAL) INSURANCE COMPANY
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

Page 1

15560 (01-14)
Issued    11-19-2019
Policyholder since 2008
**DWELLING FIRE POLICY DECLARATIONS**

| | | | |
|---|---|---|---|
| ENCY | ALDER & COX INC | | |
| | 19-0017-00   67   Mkt Terr 094   (423) 877-3536 | | |
| INSURED | ERIC ZITZOW<br>TINA ZITZOW | | |
| ADDRESS | 4245 NEWORT DR.<br>CHATTANOOGA TN 37412-2850 | | |

Endorsement Effective    11-18-2019
POLICY NUMBER    47-826-970-00
Company Use    03-51-TN-0811

Company Bill

**POLICY TERM**
12:01 a.m.    12:01 a.m.
to
11-18-2019    11-18-2020

This policy is amended in consideration of the additional or return premium shown below. This Declarations voids and replaces all previously issued Declarations bearing the same policy number and premium term.

| | TERM | |
|---|---|---|
| TOTAL POLICY PREMIUM | $948.35 | $49.91-<br>Return |
| PAID IN FULL DISCOUNT APPLIES | | |

Special Form Policy

**LOCATION DESCRIPTION**
733 Germantown Cir   Chattanooga, TN 37412-1805

Frame Construction Built in 1972
Asphalt Roof Hail Resistive Updated in 2005
Protection Class 2
Non owner Primary Home

| PRIMARY PROPERTY AND LIABILITY COVERAGES | LIMITS |
|---|---|
| A  Dwelling | $141,500 |
| B  Other Structures | |
|    All Other Structures (Unless Specifically Excluded) | 14,150 |
| C  Personal Property | 5,600 |
| D  Loss of Rents | 14,150 |
| F  Landlord Liability (each occurrence) | |
|    Entity Type:  Individual | 300,000 |
| G  Medical Payments to Others | |
|    (each person/each occurrence) | 1,000 |

Property Deductible
  $500 - All Peril Deductible

**COVERAGES THAT APPLY**
Property Coverage Limitation for Fungi, Wet Rot, Dry Rot
  and Bacteria resulting from a covered cause of loss                    $21,225
Adjusted Actual Cash Value
Personal Injury Liability
  (included with Landlord Liability)
Terrorism - Certified Acts    See Form 59351                              Excluded
Terrorism Coverage
  A premium charge may be made effective 01-01-2021.
  See Forms 15243, 59392

**PREMIUM ADJUSTMENTS THAT APPLY**
Age of Insured Discount - Policy Term Age 50
Age of Construction Rating
Multiple Family Surcharge
Paid In Full Discount
Claim Free Discount
Payment History Discount
Insurance Score

| | | CHANGE |
|---|---|---|
| TOTAL LOCATION PREMIUM | $948.35 | $49.91- |

Forms That Apply To This Location:
15004 (07-97)   15040 (01-17)   15408 (08-13)   15426 (04-14)   15439 (03-15)   15147 (02-05)   15023 (07-97)

**EXHIBIT A** (tabbies)

AUTO-OWNERS (MUTUAL) INS. CO.

Page 2

15560 (01-14)
Issued 11-19-2019

AGENCY ALDER & COX INC
19-0017-00  67  Mkt Terr 094

Company Bill

**POLICY NUMBER**
Company Use

47-826-970-00
03-51-TN-0811

INSURED  ERIC ZITZOW

Term 11-18-2019 to 11-18-2020

Secured Interested Parties: None

| TOTAL POLICY PREMIUM | TERM $948.35 | $49.91- Return |
|---|---|---|
| PAID IN FULL DISCOUNT APPLIES | | |

Insurance Score: X873

Forms That Apply To All Locations:
15155 (01-04)   15121 (07-97)   15260 (03-07)   59351 (01-15)   15243 (07-08)   15432 (04-14)   15457 (07-15)



**VIA E-MAIL & CERTIFIED MAIL**
September 11, 2020

Ms. Kristin Williams
Auto-Owners Insurance Company
P.O. Box 30660
Lansing, MI 48909-8160

        RE:    Insured:     Eric & Tina Zitzow
                   Address:    733 S. Germantown Circle
                                  Chattanooga, TN 37412
                   Policy No.:  4782697000 19
                   Claim No.:  300-109452-2020
                   DOL:        April 12, 2020

Dear Ms. Williams:

Please be advised that I have been retained by Mr. & Mrs. Eric Zitzow as it relates to Claim No. 300-109452-2020 (the "Claim"). Accordingly, please direct all correspondence regarding this matter to my attention. Likewise, if Auto Owners has retained counsel to represent it in this matter, please provide me with your counsel's contact information and I will communicate directly with counsel.

I have had an opportunity to review this matter, including the engineer's reports issued by ICR Engineers, Inc. and Rimkus Consulting Group, Inc., the estimates of damage prepared by Strategic Claim Consultants, LLC ("SCC") and United Claim Service, the initial coverage letter issued by Kyle Pash on May 22, 2020, and your letter dated June 19, 2020 in which you rejected the Proof of Loss submitted by SCC on behalf of my clients. After my review of these materials, it is clear that your position of no coverage for the damage caused by the collapse of the retaining wall is improper and in bad faith.

As stated in the report prepared by ICR Engineers, Inc., the collapse of the retaining wall and subsequent damage to the home was caused by the force of storm winds on the wall, ground vibrations, and an insignificant amount of water runoff. Accordingly, and pursuant to the terms and conditions of my clients' insurance policy, specifically those pertaining to Collapse, which are found on Page 9 of 19 of the policy, the Claim is a covered cause of loss and should be paid and adjusted appropriately.

Based on the foregoing, demand is hereby made for Auto Owners to acknowledge coverage of the Claim in its entirety within sixty (60) days and thereafter adjust the Claim in good faith.



Should Auto Owners fail to do so, my clients will be left with no choice but to commence litigation. Should this become necessary, not only will they pursue a cause of action for breach of contract, but they will also pursue a cause of action for bad faith damages pursuant to Tenn. Code Ann. § 56-7-105.

Additionally, despite his assertion to the contrary in his report, Mr. Zitzow never told your engineer, Mr. Brendan P. Torres, P.E., that "he believed the wall failed due to water flowing over the top of the wall." Rather, it appears that Mr. Torres intentionally misquoted Mr. Zitzow in an effort to bolster the incorrect conclusions contained in his report. As a result thereof, should Auto Owners fail to acknowledge coverage of the Claim in its entirety, my clients will also pursue causes of action against Rimkus, including, but not necessarily limited to, tortious interference with contractual relations.

By sending this correspondence, Mr. & Mrs. Zitzow are not waiving any rights and remedies they may have pursuant to the terms and conditions of the Policy and applicable law, with the same being expressly reserved.

Thank you for your time and attention. If you would like to discuss this matter, I may be reached at (404) 228-2629.

Sincerely,

Michael B. Weinstein

CC: Mr. & Mrs. Eric Zitzow
Mr. Phil Grandchamp

## *State of Tennessee*
### IN THE CHANCERY COURT FOR HAMILTON COUNTY

Eric Zitzow and Tina Zitzow
**PLAINTIFF**

VS.

DOCKET NO. 20-0824

Auto Owners Insurance Company &
Rimkus Consulting Group, Inc.
**DEFENDANT**

## SUMMONS

TO DEFENDANT: Auto Owners Insurance Company

WHOSE ADDRESS IS 6101 Anacapri Boulevard, Lansing, Michigan 48917

OTHER SERVICE INFORMATION c/o Alder & Cox, Inc., 2110 Northpoint Blvd., Hixson, TN 37343

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ATTESTED TO AND ISSUED this 11 day of December, 2020.

ROBIN L. MILLER, CLERK & MASTER

By: Angela Poole
DEPUTY CLERK & MASTER

| Mark W. Litchford | 027381 |
|---|---|
| Plaintiff' Attorney | BPR# |
| or Plaintiff if no attorney (*pro se*) | |

Litchford, Pearce & Associates, PLLC
Address

P.O. Box 8127

Chattanooga, Tennessee 37414

| 423-529-5290 | 800-874-0680 |
|---|---|
| Tel. No. | Fax No. |

**TO THE DEFENDANT(S):** Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

# SUMMONS RETURN

I received this summons on _____. I certify and return that on _____, I
                                   (Date)                                   (Date)

☐ served this summons and a complaint on defendant, _____
                                                                           (Printed Name of Defendant)

in the following manner:

_____

_____

_____

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

_____

_____


_____        _____
Process Server Name (Printed)                      Process Server Signature

_____
Address
_____

[Form 114, Rev 2008.01.22]