UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ERIC ZITZOW and TINA ZITZOW,<br><br>*Plaintiffs*,<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>*Defendant*. | ) | Case No. 1:21-cv-00003<br><br>Judge Christopher H. Steger |

**MEMORANDUM AND ORDER**

## I. Introduction

Defendant Auto-Owners Insurance Company ("Auto-Owners") moves for summary judgment [Doc. 67] pursuant to Federal Rule of Civil Procedure 56 in this action brought by Eric and Tina Zitzow for breach of contract. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332. Plaintiffs have sued Auto-Owners for refusing to pay under an insurance policy for damages to the Zitzows' rental property which damages were caused by a weather event. Auto-Owners seeks summary judgment on two independent grounds: (1) that Plaintiffs have insufficient evidence to prove that their property was damaged by an event included in the policy; and (2) Plaintiffs have no competent evidence to prove their monetary damages, even if they can establish liability. For the reasons stated herein, the Court **DENIES** Auto-Owners' motion for summary judgment.

## II. Background

As the Court must when ruling on a motion for summary judgment, it considers the facts and all reasonable inference drawn therefrom in a light most favorable to the non-moving party *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Zitzows own a

rental property ("the Rental Property") located at 4245 Newport Drive in Chattanooga, Tennessee. The Rental Property includes a retaining wall and a house (the "dwelling"). On April 12, 2020, a tornado occurred within the proximity of the Rental Property. A portion of the retaining wall collapsed onto and damaged the dwelling. At the time of this event, the Rental Property was insured under an insurance policy, Policy No. 47-826-970-00 (the "Policy"), issued by Auto-Owners. The Policy limits, which are not in dispute, are $14,150.00 for the retaining wall and $141,500.00 for the dwelling.

The cause of the collapse of the wall is in dispute. Either one of the following forces, or a combination of these forces, caused the wall to collapse: wind, hydrostatic pressure (i.e., water) and/or ground vibrations. Defendant asserts—and Plaintiffs do not contest—that the Policy has a water exclusion and an earth movement exclusion, both of which exclude from coverage damage to the wall and/or dwelling caused by hydrostatic pressure and/or ground vibrations, even if that damage was also caused in part by wind. The parties are in agreement that, if the wall was damaged solely by wind, then the Policy would provide coverage for the wall and the dwelling. The Zitzows assert that the wall's collapse was caused solely by wind, and they seek damages for both the collapsed wall and the resulting damage to the dwelling. It is undisputed that wind damaged the dwelling's roof, and Auto-Owners paid $6,528.82 to repair the roof. Damages to the roof are not at issue in this action. In addition to their liability argument, Auto-Owners assert Plaintiffs have insufficient evidence of monetary damages to withstand this motion for summary judgment. The Court will discuss in further detail the facts of this case as they relate to the issues raised by this motion.

## III. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that summary judgment will be rendered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show that no genuine issue of material fact exists, and the Court must view the facts and all inferences to be drawn therefrom in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Morris v. Crete Carrier Corp.*, 105 F.3d 279, 280-81 (6th Cir. 1997); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party may satisfy its burden by presenting affirmative evidence that negates an element of the nonmoving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-35 (1985); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). There are "no express or implied requirements in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim;" it is enough for the movant to "point[ ] out" an absence of evidence on an essential element of the non-movant's claim. *Celotex*, 477 U.S. at 323-25; *see also Harvey v. Campbell Cnty, Tenn.*, 453 F. App'x 557, 560 (6th Cir. May 10, 2011).

Once the moving party has fulfilled his initial burden under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party is required to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324-25; *see also 60 Ivy Street*, 822 F.2d at 1435. The moving party is entitled to summary judgment if the nonmoving party fails to make a sufficient showing on an essential

element of its case with respect to which it has the burden of proof. *Celotex*, 477 U.S. at 323; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street*, 822 F.2d at 1435-36.

**B. Analysis**

**1. What caused the wall to collapse?**

Auto-Owners asserts two primary arguments in support of its position that Plaintiffs cannot prove that wind caused the wall to collapse.[1] First, Auto-Owners asserts Plaintiffs made a judicial admission in their complaint that the wall's collapse was caused by both wind and ground vibrations. Second, Auto-Owners argues that Plaintiffs' expert opinion on causation is insufficient to show that wind was the sole cause of the wall's collapse. The Court will address each argument *seriatim*.

**a. Plaintiffs' alleged admission in their complaint that ground vibrations were a contributory cause of the wall's collapse.**

In their Complaint, Plaintiffs allege in relevant part:

> 6.
>
> On or about April 12, 2020, a severe windstorm caused damages to the Property's roof, forced a retaining wall to collapse onto the Property, and rendered the Property uninhabitable (the "Claim").
>
> * * *
>
> 9.
>
> [R]ather than acknowledging coverage for the damage to the Property caused by the collapse of the retaining wall, which was more extensive and costly than the

[1] It is undisputed that, when the wall collapsed—regardless of *why* it collapsed—portions of it fell on the dwelling thereby damaging the dwelling. For the sake of efficiency, the Court will not continue to repeat this sequence of events with each mention of the wall's collapse.
damage to the Property's roof, Defendant AO [Auto-Owners] engaged Defendant Rimkus to render an opinion as to the cause of the collapse of the retaining wall.[2]

*  *  *

13.

Relying on Defendant Rimkus' improper and unfounded opinion as to the cause of the collapse of the retaining wall, Defendant AO [Auto-Owners] made the decision to deny coverage for the damage to the Property which was caused by the collapse of the retaining wall.

14.

Upon being informed of this coverage position, Plaintiffs engaged ICR Engineers, Inc., a local engineering firm, to render an unbiased opinion of the cause of the collapse of the retaining wall.

15.

After visiting Plaintiffs' home and conducting an investigation of the cause of the collapse, ICR Engineers, Inc. determined the cause of the collapse of the retaining wall was the force of storm winds and ground vibrations.

16.

Based on the terms and conditions of the Policy, if the cause of the collapse of the retaining wall and subsequent damage to the Property was the force of storm winds and ground vibrations, the damage to the Property should be afforded coverage under the Policy.

[Doc. 1-2, Complaint ¶¶ 6, 9, 13-16] [brackets added].

Auto-Owners asserts that Plaintiffs made a judicial admission in paragraph 15 that the wall's collapse was caused by wind ***and*** ground vibrations and, therefore, under the exclusion provision for damage caused by earth movement, coverage for the wall and dwelling are excluded. Before addressing whether a judicial admission was made, the Court will first address the effect of such an admission if it *were* made.

Plaintiffs did not address in their response to Auto-Owners' motion for summary judgment Auto-Owners' argument that the earth movement exclusion provision of the Policy would exclude

[2] Plaintiffs sued Defendant Rimkus Consulting Group, Inc. ("Rimkus") for intentional interference with a contract. Because Plaintiffs conceded that they did not have sufficient evidence to withstand summary judgment on this claim, the Court granted Rimkus summary judgment and dismissed it from this action. [Doc. 86].

damages to the wall and dwelling if ground vibrations were the sole or partial cause of the wall's collapse. Having failed to address this argument in their brief, they have waived opposition to it. *See Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (failure to address an argument in a motion to dismiss amounts to a forfeiture of the claim).[3] Therefore, on the basis of this waiver, the Court holds that if ground vibrations were the sole or a partial cause of the wall's collapse, then the resulting damages are excluded under the Policy's earth movement exclusion provision and Plaintiffs' action necessarily fails.

The Court now returns to Auto-Owners' assertion that Plaintiffs have made a judicial admission in their Complaint that ground vibrations contributed to the cause of the wall's collapse. Plaintiffs counter that they are not relying on ICR's findings to pursue their claim and that they have made no such judicial admission. "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (citation cleaned up). In order for a statement in a complaint to constitute a judicial admission, the statement must be "'deliberate, clear and unambiguous.'" *EMW Women's Surgical Center, P.S.C. v. Friedlander*, 960 F.3d 785, 800 (6th Cir. 2020) (quoting *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997)).

Auto-Owners has focused on paragraph 15 of the complaint to the exclusion of other relevant portions. Paragraph 6 of the complaint unambiguously alleges that wind alone caused the wall to collapse. Subsequently, the complaint states that, in response to Auto-Owners' denial of

[3] *See also Drakes Collision, Inc. v. Auto Club Grp. Ins. Co.*, No. 19-13517, slip op., 2021 WL 4264751, at *3 (E.D. Mich., Sept. 20, 2021) ("'When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived.") (citation cleaned up); *Wallace v. Hendersonville Hosp. Corp.*, No. 3:14-cv-01976, 2016 WL 3568593, at *6 (M.D. Tenn., July 1, 2016) ("The plaintiff's failure to address either of these arguments in her response in opposition to the motion for summary judgment constitutes a waiver of any argument she might have.") (citation cleaned up).

Plaintiffs' claim, Plaintiffs hired ICR Engineers, Inc. ("ICR") to conduct an investigation and prepare a report. [Doc. 1-2 ¶¶ 13-14]. The complaint reports that ICR found the wall collapsed due to wind and ground vibrations. [Id. ¶ 15]. Then, the complaint states "***if*** the cause of the collapse of the retaining wall and subsequent damage to the Property was the force of storm winds and ground vibrations, the damage to the Property should be afforded coverage under the Policy." [*Id.* ¶ 16]. "If" introduces a *conditional* clause to the sentence—the condition being that *if* wind and ground vibrations caused the wall's collapse, then the damage is covered. Nothing in the complaint can reasonably be construed as stating deliberately, clearly, and unambiguously that ground vibrations contributed to the wall's collapse. The Court concludes Plaintiffs have not made a judicial admission to that effect.

**b. Does Mr. Sheik's Expert Report create a genuine issue of material fact that wind was the sole cause of the wall's collapse?**

Plaintiffs have submitted the expert report of Nazir Ahmad Sheikh, P.E., to show the wall collapsed due to severe wind. It is Auto-Owners' position, based on the Rimkus report, that hydrostatic pressure, i.e., water, caused the wall's collapse. Auto-Owners challenges Mr. Sheikh's position that wind could have caused the collapse by arguing that Mr. Sheikh has insufficient evidence to demonstrate that the wall was subject to severe winds when it collapsed. Mr. Sheik stated in his deposition that he relied on information in the Rimkus report to determine that severe wind had been in the area when the wall fell. [Sheikh dep., Doc. 67-3, Page ID # 561]. Auto-Owners notes that, according to the Rimkus report, the EF3 tornado was about four miles distant from the Zitzows' Property [id.]—a distance Auto-Owners' counsel personally opines is too far removed to generate winds sufficient to damage the wall. The Court, however, notes that Auto-Owners *paid* the claim for wind damage to the dwelling's roof—damage which occurred at the

same time as the wall's collapse. Thus the logical inference is that the Zitzows' property was subject to high winds at the time the wall collapsed.

Further, Mr. Sheikh has offered an opinion—based on his inspection of the Property and citing specific reasons—which contradicts Auto-Owners' assertion that the wall's collapse was caused by hydrostatic pressure.[4] Specifically, Mr. Sheikh made the following observations:

- Only 40 feet of the 100 foot wall collapsed and that portion of the wall was above ground with no backfill behind it. [Sheikh Report, Doc. 81-8, Page ID # 1029, 1031, 1035].

- The wall is approximately 48 years old and had "aging affects that depicts [sic] cracks along the mortar joints at various locations along the entire length." [*Id*. at Page ID # 1031].

- There were weep holes in the wall which prevent pressure caused by water build up. [*Id*. at Page ID # 1031, 1032].

- Soil remained intact at the section where the wall collapsed indicating there was no mudslide event despite heavy rains. [*Id*. at Page ID # 1035].

- None of the photographs depicted bulging in the wall which would indicate water pressure on the wall. [*Id*. at Page ID # 1035].

- The land behind the wall has heavy ground cover to impede water runoff. [*Id*. at Page ID # 1031].

- The wall is a cantilever wall with a "toe" and "foot" which resists horizontal earth pressure and transfers forces to the ground. [*Id.* at Page ID # 1031 - 1033].

- There is a swale between the Zitzows' property and the neighbor's property next to the wall. The swale prevents surface water from running off or ponding onto the Zitzows' Property. There are no water stains on the wall, suggesting no hydrostatic pressure buildup behind the wall. [*Id*. at Page ID # 1029].

The Court concludes that Mr. Sheikh's opinion is sufficiently supported and creates a genuine issue of material fact as to whether the wall's collapse was caused directly by severe wind.

[4] Neither party has offered an explanation as to what would have caused "ground vibrations." However, since neither side is advancing "ground vibrations" as the cause of the wall's collapse, this issue is moot.

**c. Do the Plaintiffs have sufficient evidence of damages to preclude summary judgment on their breach of contract claim against Auto-Owners?**

Assuming it did breach the policy, Auto-Owners asserts that it is, nevertheless, entitled to summary judgment because Plaintiffs have no competent evidence to prove their damages. The Court finds, however, that Auto-Owners conflates proof of the *existence* of damages with proof of the *amount* of damages. Where proof of the *existence* of damages is certain, the *amount* of damages is an appropriate issue for the trier of fact, not disposition on summary judgment. *Walker v. Sidney Gilbreath & Assocs.*, 40 S.W.3d 66, 71-2 (Tenn. Ct. App. 2000) (finding the trial judge erred in dismissing the plaintiff's action on summary judgment where the plaintiff's proof of the amount of damages was speculative though the existence of damages was certain.) As the court in *Town of Smyrna, Tennessee v. Municipal Gas Authority of Georgia*, 129 F.Supp.3d 589, 606 (M.D. Tenn. 2015), explained,

> The extent of injury is not a proper inquiry at the summary judgment stage because "[t]he law prohibits damages as too speculative only when the existence of damage is uncertain, not when merely the amount of damage is uncertain." *Church v. Perales*, 39 S.W.3d 149, 172 (Tenn. Ct. App. 2000). Further, criticizing the "expert and his damages calculation" is "an insufficient basis for granting summary judgment" because "[t]he proper remedy is for Defendant to present its concerns at trial by the use of cross-examination and its own expert testimony." *Salmon v. Old Nat'l Bank*, 2012 WL 4213643, at *6 (W.D. Ky. Sept. 19, 2010); *see also*, *Wendy's of Bowling Green, Inc. v. Marsh USA, Inc.*, 2012 WL 370486, at * 3 (M.D. Tenn. Feb. 3, 2012) ("If a jury finds that Defendant breached its contract with Plaintiff, causing Plaintiff damages, then the extent to which Plaintiff reasonably attempted to mitigate its damages, and also what money it would take to place Plaintiff in the same position it would have been in if the contract had not been breached are questions for the trier of fact, precluding summary judgment on this issue").

It is unequivocally clear that whatever event caused the wall's collapse, it damaged the wall which, in turn, damaged the dwelling. Since the *existence* of damages is certain, Auto-Owners is

not entitled to summary judgment on the ground that Plaintiffs lack competent evidence to prove the *amount* of damages. Whether Plaintiffs have competent evidence to prove the amount of their damages remains for trial—assuming, of course, the jury determines Auto-Owners breached its contract with Plaintiffs.

## IV. Conclusion

Pursuant to Fed. R. Civ. P. 56(g), the Court makes the following findings:

1. Plaintiffs Eric and Tina Zitzow were, at all times relevant to this action, owners of the property located at 4245 Newport Drive in Chattanooga, Tennessee (The Property). A retaining wall and a dwelling are located on the Property.

2. On or about April 12, 2020, a weather event caused the retaining wall on the Property to collapse and fall on the dwelling thereby damaging the dwelling.

3. At the time of this weather event on or about April 12, 2020, the Zitzows had a valid contract with Auto-Owners in the form of a homeowner's insurance policy, Policy No. 47-826-970-00 (the Policy).

4. The Policy provides coverage for direct physical loss to the Property caused by a windstorm.

5. The Policy excludes coverage for damages to the Property caused directly or indirectly by water or earth movement.

6. The Policy's limits are $14,150.00 for the retaining wall and $141,500.00 for the dwelling.

For the reasons stated herein, Auto-Owners' Motion for Summary Judgment is **DENIED**. Plaintiffs' claims for breach of contract, punitive damages, and the bad faith penalty under Tenn. Code Ann. § 56-7-105 shall proceed to trial.

**IT IS SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE